VELMA JOHANNSEN, Plaintiff-Appellee, v. GENERAL FOODS CORPO-
RATION, Defendant-Appellant.

Third District   No. 3—86—0099

Opinion filed August 8, 1986.

Roger D. Rickmon and E. Kent Ayers, both of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellant.

Jeffrey Frederick, of Johnson, Frank, Frederick & Walsh, of Urbana, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Velma Johannsen, sued General Foods Corporation, her employer's parent corporation, to recover damages for personal injuries which she alleges resulted from inhaling dust from contaminated dog foods. Plaintiff's complaint was filed in the circuit court of Kankakee County on March 23, 1983. The amended complaint contains four counts sounding in negligence, products liability, breach of implied warranty of merchantability and wilful and wanton misconduct.

On January 31, 1985, plaintiff's attorney served a 10-item "Request For Admission of Fact" on defendant's counsel, William Taube. The facts sought to be admitted follow:

"1) That on March 15, 1981 the Defendant, GENERAL FOODS CORPORATION, was notified by agents of Toll Manufacturing Company that quantities of Defendant's dog food that had been shipped to Toll Manufacturing Company, by the Defendant was [sic] moldy.

2) That the Defendant, GENERAL FOODS CORPORATION did send dog food that was, in fact, moldy when it arrived at the Toll Manufacturing Company from March into April, 1981.

3) That dry dog food product commonly called Gravy Train, which had mold on it was in this moldy condition when it left the control of the Defendant, GENERAL FOODS CORPORATION.

4) That at no time did the Defendant, GENERAL FOODS CORPORATION, ever warn Plaintiff, VELMA JOHANNSEN, that the moldy dog food may cause injury to her health.

5) That at no time did the Defendant, GENERAL FOODS CORPORATION, ever warn any employees or agents of Toll Manufacturing Company that the moldy dog food may cause injury to human health.

6) That in excess of 38,533 pounds of Defendant's dog food, Gravy Train, had to be destroyed due to the mold.

7) The mold which was present on Defendant's GENERAL FOODS CORPORATION, dog food, Gravy Train, contained a fungus called Torulopsis Glabrata.

8) That plaintiff, VELMA JOHANNSEN, was exposed to large quantities of the Defendant, GENERAL FOODS CORPORATION'S moldy dog food in March and April of 1981.

9) As a result of Plaintiff, VELMA JOHANNSEN's exposure to Defendant's GENERAL FOODS CORPORATION's,

moldy dog food Plaintiff was infected with the fungus Torulopsis Glabrata.

10) Plaintiff, VELMA JOHANNSEN, infected with Torulossis [*sic*] Glabrata has caused her severe chronic bronchitis."

The matter was scheduled for a pre-trial conference on February 8, 1985. On that date, counsel for both parties appeared before Judge Patrick Burns. The status of discovery was discussed. Both plaintiff's counsel and the court then reminded attorney Taube that the matters contained in plaintiff's request for admissions would be deemed admitted unless defendant's response were filed within 28 days of service pursuant to Rule 216(c) (87 Ill. 2d R. 216(c)). The court further admonished defense counsel that the rule would be applied strictly unless a timely request for an extension of time were filed within the 28-day period. The court agreed to continue the matter for another pre-trial conference to be held in August 1985.

On March 22, 1985, defendant's attorney served a document entitled, "Response to Request for Admission of Fact." No request for an extension was made, it was obviously late, and was signed by defense counsel only. It purported to admit 2 of the 10 items contained in plaintiff's request, to deny 5 items and to give responses other than admissions or denials to 3 items. Plaintiff promptly moved to strike defendant's response. After a hearing on the motion, and over defendant's objections, the trial court granted plaintiff's motion and certified for interlocutory appeal the following question:

"Whether or not it is an abuse of the Court's discretion to refuse to allow a late filing of a response to a Request to Admit Facts which was neither signed under oath nor by a party where the request to which no objections were filed, concerns some ultimate issues in the controversy such as control, failure to warn and causality and where there is no specific showing that the late filing results in prejudice or injustice to the party seeking the admissions."

We granted defendant's petition for leave to appeal pursuant to Rule 308 (87 Ill. 2d R. 308).

As the parties note, there appears to be some disagreement within the Illinois Appellate Court as to whether application of that provision of subparagraph (c) of Supreme Court Rule 216, which deems admitted those facts not denied pursuant to the rule, is a matter within the discretion of the trial court. Our Second District and two divisions of the First District have held that the trial court has discretion to relieve a tardy litigant from being bound by a failure to respond to a Rule 216 request within 28 days. (See *Bluestein v. Up-*

*john* (1981), 102 Ill. App. 3d 672, 430 N.E.2d 580; *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95; *Daleanes v. Board of Education* (1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382.) The scope of the trial court's discretion for allowing late responses as described by these cases ranges from "wide discretion" (*Bluestein v. Upjohn* (1981), 102 Ill. App. 3d 672, 677-78, 430 N.E.2d 580, quoting *Illinois State Toll Highway Authority v. Humphrey Estate* (1978), 62 Ill. App. 3d 316, 379 N.E.2d 626), to "for good cause shown" (*Daleanes v. Board of Education* (1983), 120 Ill. App. 3d 505, 509, 457 N.E.2d 1382, citing 87 Ill 2d R. 183), and "where the failure to respond within the time provided is the result of circumstances beyond the control of the litigant" (*Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 678, 382 N.E.2d 95).

By contrast to the foregoing line of cases, our Third, Fifth and the second and third divisions of the First District have consistently followed the lead of our supreme court in *City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 155 N.E.2d 34, in holding that a litigant's failure to file a timely response under Rule 216(c) results in automatic admission of the facts as stated in the request. *Yohnka v. Darling Nells, Inc.* (3d Dist. 1985), 136 Ill. App. 3d 309, 483 N.E.2d 649; *People ex rel. Fahner v. American Buyers Club, Inc.* (3d Dist. 1983), 115 Ill. App. 3d 759, 450 N.E.2d 904; *Koth v. Jefferson* (4th Dist. 1982), 109 Ill. App. 3d 247, 440 N.E.2d 415; *F. J. Pechman, Inc. v. Oldham* (5th Dist. 1980), 86 Ill. App. 3d 1018, 408 N.E.2d 487; *Chapman v. Foggy* (5th Dist. 1978), 59 Ill. App. 3d 552, 375 N.E.2d 865; *West Central Utilities S. Co. v. Central Illinois Public Service Co.* (3d Dist. 1976), 42 Ill. App. 3d 5, 355 N.E.2d 349; *Banks v. United Insurance Co. of America* (1st Dist. 1975), 28 Ill. App. 3d 60, 328 N.E.2d 167 (3d Division); *Crum v. Gulf Oil Corp.* (5th Dist. 1973), 12 Ill. App. 3d 988, 299 N.E.2d 820; *Iversen v. Iversen* (1st Dist. 1960), 28 Ill. App. 2d 45, 169 N.E.2d 822 (2nd Division).

Defendant through its current counsel acknowledges that the weight of authority appears to be contrary to its position on appeal, but seeks to distinguish the latter cases on grounds that they apparently were not concerned with a delayed response, but, rather, a failure to respond in any form. In advancing this argument, defendant ignores the precedent of *Banks, F. J. Pecham* and *Chapman.* In *Banks,* the trial court's allowance of plaintiff's unsworn, tardy response to defendant's request for admissions was ruled erroneous on appeal. In *F. J. Pecham,* plaintiff filed a late response denying in whole or in part the matters contained in defendant's request for admission. By strict application of Rule 216(c), the trial court deemed all requested

facts admitted, and upon defendant's motion granted summary judgment for defendant and dismissed plaintiff's suit. On appeal, the trial court's rulings were affirmed, the appellate court rejecting plaintiff's contentions that the consequences of the trial court's strict application of Rule 216(c), deeming the ultimate facts as admitted, amount to an improper sanction for plaintiff's tardiness. Finally, in *Chapman*, the trial court considered a faulty 216(c) response which, in addition to being unsworn by the defendant and untimely, was not served upon the requesting party. On plaintiff's oral motion on the date set for trial, the court deemed all of the requested facts admitted. The ruling was upheld on appeal. The appellate court held:

"Defendant had wholly failed to conform his response to the framework provided by Rule 216(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 216(c)); accordingly, the matters of fact were properly admitted. *Banks v. United Insurance Co. of America,* 28 Ill. App. 3d 60, 328 N.E.2d 167." *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 558, 375 N.E.2d 865, 869.

These cases are dispositive of the issue before us today. Further, even were we to agree that the broad discretion of the trial court could be invoked for filing a tardy response pursuant to Supreme Court Rule 183 (87 Ill. 2d R. 183; see *Daleanes v. Board of Education* (1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382), the case before us today would not present a suitable setting for so declaring. Defendant filed no motion, timely or otherwise, for an extension of time in which to respond to plaintiff's request; and defendant has never attempted to demonstrate "good cause" for its tardiness, despite a fair and clear admonition by the court and counsel for plaintiff that the rule required a timely response and the court's further admonition that defendant would have to file a motion for extension within the 28-day period allowed by Rule 216. Former counsel Taube's "inadvertence" is the sole "cause" alleged in the report of proceedings of record. This, of course, is not an appropriate substitute for "good cause," as that expression is used in Supreme Court Rule 183.

Further, as plaintiff points out, defendant's "response" is tantamount to no response at all, since it fails to comply with the requirement that denials, in whole or in part, be sworn to by the party answering the request. In this case, defendant has never filed a sworn statement, timely or otherwise, denying any of the facts set forth in plaintiff's request. Defendant directs us to no cases in which relief from Rule 216(c) was granted, or even suggested, where a party has attempted to file an unsworn, tardy denial of the requested facts, contrary to the dictates of the rule.

■ As indicated above, *Banks* and *Chapman* are directly on point and amply dispose of the arguments presented by defendant here. The fact that some of the "facts" contained in plaintiff's request were objectionable because they concerned ultimate issues in the cause, and that plaintiff made no showing in the trial court of prejudice to her should her motion to strike be denied, does not affect our decision today. By its failure to respond pursuant to the requirements of the rule, defendant waives any objections. (*Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167.) A litigant moving to strike a faulty response is not required to prove prejudice before the facts requested are deemed admitted under the rule.

Clearly, the trial court's ruling promotes the purpose of Rule 216, which is to narrow the triable issues and to limit the cost and length of litigation. On these facts, the trial court did not abuse its discretion in applying the rule as it did, granting plaintiff's motion to strike defendant's response and deeming the facts requested as admitted. Having so decided, we remand this cause for further proceedings.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.