JOAN BRIGHT, Plaintiff-Appellee, v. FAITH DICKE, Defendant-Appellant (Deloris Dicke *et al.*, Defendants).

Third District    No. 3—93—0729

Opinion filed April 26, 1994.

LYTTON, J., dissenting.

Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa (Eugene P. Daugherity, of counsel), for appellant.

Hupp, Lanuti, Irion & Martin, P.C., of Ottawa (George C. Hupp, Jr., of counsel), for appellee.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

Faith Dicke (hereinafter defendant) filed an application for leave to appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). We granted leave to appeal to consider whether a trial court has discretion under Supreme Court Rule 216 (134 Ill. 2d R. 216) to allow a party to file a late response to a request to admit.

On January 21, 1993, plaintiff filed a two-count complaint alleging that defendant breached her fiduciary duties as trustee of the Leonard E. Dicke Trust and that she also breached a purported settlement agreement. On May 12, 1993, plaintiff filed a request for admission of facts and genuineness of documents pursuant to Rule 216. This request to admit was received in the office of defendant's attorneys on May 13. Defendant filed an unverified response on June 14, and plaintiff filed a motion to strike the response because it was both untimely and unverified. Thereafter, on June 24, defendant filed a motion for leave to file a late response, and plaintiff objected. Following a hearing, the trial court denied defendant's motion and it later made the requisite finding under Rule 308 to allow defendant to seek an interlocutory appeal.

Rule 216 provides in part:

> "(c) Admission in the Absence of Denial. Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." 134 Ill. 2d R. 216(c).

In *Johannsen v. General Foods Corp.* (1986), 146 Ill. App. 3d 296, 496 N.E.2d 544, defendant responded to plaintiff's request to admit with an unverified answer that was 22 days late. The trial court granted plaintiff's motion to strike the response and this court granted leave to appeal to address the following question:

> "Whether or not it is an abuse of the Court's discretion to refuse to allow a late filing of a response to a Request to Admit Facts which was neither signed under oath nor by a party *** and where there is no specific showing that the late filing results in prejudice or injustice to the party seeking the admissions." *Johannsen*, 146 Ill. App. 3d at 298, 496 N.E.2d at 545.

At the outset of our analysis in *Johannsen*, we noted that there appeared to be disagreement between the districts of the appellate court with regard to the application of Rule 216. We noted that the second district and two divisions of the first district had held that a trial court has discretion to relieve a tardy litigant from being bound by a failure to respond within 28 days. In contrast, the third, fifth and two divisions of the first district had consistently held "that a litigant's failure to file a timely response under Rule 216(c) results in

automatic admission of the facts as stated in the request." *Johannsen*, 146 Ill. App. 3d at 299, 496 N.E.2d at 546.

■ It appears that this latter statement has created the impression, shared by the parties here as well as by some courts (see, *e.g.*, *Smoot v. Knott* (1990), 200 Ill. App. 3d 1082, 558 N.E.2d 794) and commentators (see Garner & Wolfe, *Late Responses to Requests to Admit: When Should Courts Allow Them?*, 78 Ill. B.J. 502 (1990)), that *Johannsen* held that a trial court has no discretion to allow a late response to a request to admit. While such a view is understandable in light of *Johannsen*'s reference to *automatic* admission of facts under Rule 216, it is clear that the holding of *Johannsen* was much narrower and implicitly *recognized* the trial court's discretion. "On these facts, the trial court *did not abuse its discretion* in applying the rule as it did, granting plaintiff's motion to strike defendant's response and deeming the facts requested as admitted." (Emphasis added.) *Johannsen*, 146 Ill. App. 3d at 301, 496 N.E.2d at 547.

Indeed, a close reading of *Johannsen* reveals that this court *expressly declined* to consider whether a trial court might, under other circumstances, properly allow a late response. "[E]ven were we to agree that the broad discretion of the trial court could be invoked for filing a tardy response pursuant to Supreme Court Rule 183 [citations], the case before us today would not present a suitable setting for so declaring." (*Johannsen*, 146 Ill. App. 3d at 300, 496 N.E.2d at 547.) That "suitable setting" is presented by this case, and we hold that a trial court has discretion under Supreme Court Rule 183 (134 Ill. 2d R. 183) to allow a late response to a request to admit.

Rule 183 provides:

"Rule 183. Extensions of Time

[The][1] court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." 134 Ill. 2d R. 183.

It is evident that answering a request to admit within 28 days is an "act which is required by the rules to be done within a limited period." Rule 183, by its own terms, grants a trial court discretion to allow a late response to a request to admit for "good cause." (*Kismer*

---

[1] Volumes 134 and 107 of the Illinois Reports substitute the word "This" for the word "The" as the first word of the rule. Volume 87 and those volumes which preceded it, as well as virtually every other source, use the word "The." Our research has failed to reveal that Rule 183 was ever amended. We believe that the word "This" as used in Volumes 134 and 107 is a typographical error.

*v. Antonovich* (1986), 148 Ill. App. 3d 508, 499 N.E.2d 707.) To hold otherwise would ignore the plain language of the Rule.

■ Having determined that the trial court may allow a late response for "good cause," we now consider the meaning of that term. In *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205, the defendant appealed from the trial court's denial of its motion to file a late jury demand. The supreme court, citing both Rule 183 and section 59 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 59 (now Ill. Rev. Stat. 1991, ch. 110, par. 2—1007)), held that mere inadvertence was not sufficient to constitute good cause. The court also rejected defendant's argument that good cause could be established by showing a lack of prejudice or inconvenience to the parties. Based on *Greene*, we find that good cause under Rule 183 requires more than inadvertence, mistake or lack of prejudice to the opposing party. We decline, however, to further define good cause for two reasons. First, a determination of good cause must be based upon the facts of each case and is within the discretion of the trial court. (*Greene*, 73 Ill. 2d at 107-08, 382 N.E.2d at 1209.) Second, defendant acknowledges that, aside from her claim that plaintiff was not prejudiced, she cannot establish good cause for the late filing of her response. Since lack of prejudice does not constitute good cause, the trial court's order denying defendant's motion for leave to file a late response is supported by the record, and any further discussion of good cause by this court would be *dicta.*

Finally, defendant urges us to adopt the position outlined by Justice Chapman of the fifth district in *Smoot v. Knott* (1990), 200 Ill. App. 3d 1082, 558 N.E.2d 794. In *Smoot* the court reviewed the position of the various appellate divisions and districts regarding Rule 216 and concluded that the "preferable rule" was to grant the trial court discretion to allow late responses to requests to admit. The court's primary rationale was that Rule 216 is a discovery tool and trial courts have wide discretion to control and monitor discovery. The *Smoot* court suggested that trial courts should engage in a two-step analysis when faced with a request to file a late response. Under *Smoot*, the first inquiry is whether the opposing party has been prejudiced by the late response. If no prejudice is shown, "the trial court should generally allow a late response." (*Smoot*, 200 Ill. App. 3d at 1098, 558 N.E.2d at 804.) Where, however, the opposing party shows prejudice as a result of the late response, relief should only be granted for good cause under Rule 183.

■ We respectfully decline to adopt *Smoot*'s two-step analysis. In our opinion, the prejudice inquiry inappropriately places a burden on the party requesting the admission to show why a late filing should

not be allowed. We do not believe a litigant should be required to justify the enforcement of a time limitation imposed by the supreme court rules. Such a burden should instead fall on the party who has failed to comply with the rule. In addition, allowing parties, in the absence of prejudice, to file responses whenever they like changes the 28-day limitation of Rule 216 from a command to a suggestion. In our opinion, the purpose of the rule, "which is to narrow the triable issues and to limit the cost and length of litigation" (*Johannsen*, 146 Ill. App. 3d at 301, 496 N.E.2d at 547), is better served by enforcing the 28-day limitation except where there is good cause to grant an extension.

For the reasons stated above, we affirm the judgment of the circuit court and remand for further proceedings.

Affirmed.

BRESLIN, J., concurs.

JUSTICE LYTTON, dissenting:

I agree with the majority that *Johannsen v. General Foods Corp.* (1986), 146 Ill. App. 3d 296, 496 N.E.2d 544, does not require the automatic admission of requested facts if a party's response is filed late. The majority makes clear that this district is not bound by an irreducible, broad rule allowing for no discretion. However, after liberating the trial court from the strictures of "no discretion," the majority clamps the shackles back on the trial judge by imposing a strict requirement of "just cause" onto the court's discretion. The majority still does not trust the trial court to act appropriately. I would give the trial courts of this State *meaningful* discretion to manage their own dockets, insure justice, control discovery and make certain that a litigant is not unduly punished for a practitioner's error.

The majority relies on Supreme Court Rule 183 (134 Ill. 2d R. 183) to find its good cause exception. I believe a more fundamental analysis is appropriate.

It is generally accepted in the more recent case law that requests for admissions are a discovery tool like other methods of discovery, such as interrogatories and depositions. (See *Smoot v. Knott* (1990), 200 Ill. App. 3d 1082, 1097, 558 N.E.2d 794; *Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5, 7, 449 N.E.2d 990; *Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 677-78, 430 N.E.2d 580; *Illinois State Toll Highway Authority v. Humphrey Estate* (1978), 62 Ill. App. 3d 316, 326, 379 N.E.2d 626.) The majority also appears to accept the

premise that requests for admissions are a discovery tool. Indeed, the historical and practice notes to Supreme Court Rule 216 (134 Ill. 2d R. 216) make this clear. The introductory paragraph indicates that requests for admission are "a discovery device," and the discussion under paragraphs (a), (b), and (c) of Rule 216 relate them to other discovery rules. See Ill. Ann. Stat., ch. 110A, par. 216, Historical & Practice Notes, at 366-67 (Smith-Hurd 1985).

In this case and, I am convinced, in many cases, the late filing of responses to requests for admissions is the responsibility of the party's attorney who has no "just cause" under the Rule 183 standard. This problem affects plaintiffs and defendants equally, but it can be resolved through traditional methods.

By treating a request for admissions as a discovery tool, the trial court would have, under its broad, inherent discretionary power to prevent injustice, the ability to allow a late filing when it deems appropriate. (*Bluestein*, 102 Ill. App. 3d 672, 430 N.E.2d 580.) *Bluestein* quotes with approval the trial court's statement that "[I]f I were to find those requests have been admitted by a lawyer's carelessness, without more, I would be depriving a party of his right to a trial by jury on a basic issue of this case." 102 Ill. App. 3d at 678.

I agree with the reasoning in *Bluestein* that the trial courts of this State should have the power to control discovery, whether confronting dilatory admissions, answers to interrogatories, requests for production of documents, or any of the myriad of discovery techniques available to practitioners.

In the recent case of *Sohaey v. Van Cura* (1994), 158 Ill. 2d 375, our supreme court reviewed Rule 220 (134 Ill. 2d R. 220) requirements for disclosure of witnesses. The language of Rule 220 mandates the disqualification of an expert witness who is not disclosed prior to 60 days before trial. When the plaintiff's witness was not disclosed in a timely manner, the trial court barred the witness. The appellate court reversed (*Sohaey v. Van Cura* (1992), 240 Ill. App. 3d 266), and the supreme court affirmed the appellate court.

The supreme court found that the trial court should have exercised its discretion.

> "[F]or Rule 220 to serve the purpose for which this court adopted it, trial courts must have the discretion to impose sanctions other than outright disqualification for technical violations." *Sohaey*, 158 Ill. 2d at 383.

Similarly, the purpose and intent of admissions under Rule 216 is to narrow issues, not to eliminate them. (See Ill. Ann. Stat., ch. 110A, par. 216, Committee Comments, Historical & Practice Notes, Introduction, at 366 (Smith-Hurd 1985).) Requests for admissions are

a discovery tool used to refine and focus a case, and to reduce the cost and length of litigation. See *Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 108, 197 N.E. 578.

In this thoughtful analysis in *Smoot v. Knott* (1990), 200 Ill. App. 3d 1082, 558 N.E.2d 794, Justice Chapman found the sound discretion of the trial court is the correct standard to apply here. His review of appellate court decisions on this issue is exhaustive and needs no further examination by this court.

I resist, however, the great temptation to follow Justice Chapman's suggestions as to how a trial court should proceed in exercising its discretion. Instead, I believe the trial court should review all of the circumstances surrounding the late filing and should consider, among other things: (1) prejudice to the opposing party; (2) centrality of the issues presented; (3) the length of the delay; (4) whether the delay was caused by inadvertence or deliberate act; (5) any burden caused by the delay; (6) just cause, if any, for the delay; (7) repeated tardy conduct by the party or attorney; and (8) timeliness of the actions of the party seeking relief.

In the instant case, justice and truth would be better served in allowing the responses to the request for admissions to be filed. A trial judge has the inherent power to manage his or her court so that justice is served. Any expenses incurred by the requesting party can be levied against the delinquent party if appropriate. Such a rule allows all issues to be considered in allowing late responses or in determining when and whether to impose costs, fees or other sanctions.

This standard is in concert with our Supreme Court Rule 2 (134 Ill. 2d R. 2) and section 1—102 of the Civil Practice Law (735 ILCS 5/1—102 (West 1992)), which encourage courts to reach the substantive rights of the parties. To have substantive issues eliminated or skewed by admissions deemed to be true that are not in fact true because an attorney is one day late in a response seems the grossest kind of perversion of the discovery process. The purpose of discovery is, after all, the "full disclosure" of facts that help to expedite "the ascertainment of the truth and ultimate disposition of the lawsuit." *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 361, 221 N.E.2d 410.

I would reverse.