BETTY PRATHER, Indiv. and as Guardian of the Estate of Clarence Prather, a Disabled Adult, Plaintiff-Appellant, v. DENIS McGRADY, SR., *et al.*, Indiv. and d/b/a McGrady and McGrady, Defendants and Third-Party Plaintiffs-Appellees (Evelyn Goldstein *et al.*, Third-Party Defendants).

Fourth District   No. 4—93—0782

Argued February 23, 1994.—Opinion filed April 29, 1994.—Rehearing denied June 17, 1994.

Michael J. Meyer (argued), of Meyer, Keller & Runde, of Effingham, for appellant.

D. Kendall Griffith (argued), of Hinshaw & Culbertson, of Chicago, William F. Kopis, of Hinshaw & Culbertson, of Belleville, and Bryan M. Groh, of Hinshaw & Culbertson, of St. Louis, Missouri, for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On June 9, 1993, the circuit court of Macon County entered an order, barring plaintiff from naming expert witnesses because of a violation of the discovery, pretrial and trial scheduling order (scheduling order) regarding disclosure of such witnesses set pursuant to Supreme Court Rule 220 (134 Ill. 2d R. 220). The circuit court then entered summary judgment in favor of defendants on August 6, 1993, finding that the nature of plaintiff's cause of action was such that she was required to present expert testimony in order to make a *prima facie* case. Plaintiff appeals, contending summary judgment was improperly granted and the circuit court abused its discretion in granting defendants' motion to bar the naming of expert witnesses. Because the trial court did not abuse its discretion in granting defendants' motion to bar the naming of expert witnesses, we affirm.

On July 18, 1990, plaintiff filed a complaint in Effingham County alleging legal malpractice by defendants. The complaint alleged defendants committed legal malpractice by failing to properly pursue her claims for medical malpractice against physicians who had allegedly caused and then treated her husband for spinal meningitis.

On June 21, 1991, defendants filed a motion to dismiss contending plaintiff's claims were barred by the relevant statute of limitations. This motion was denied on September 30, 1991, and a motion to reconsider was denied on March 6, 1992. On December 2, 1991, defendants filed interrogatories seeking the names of plaintiff's expert witnesses and the substance of their opinions. The record on appeal indicates that on December 16, 1992, defendants were served with answers to the interrogatories, compliance with a request for

production and a request to produce. Defendants sent the documents requested in the request to produce to plaintiff via United Parcel Service on January 28, 1993.

Defendants filed their answer on October 8, 1992. On December 9, 1992, defendants filed a motion to dismiss for want of prosecution, or in the alternative, for failure to comply with discovery. This motion was denied on January 12, 1993. The trial court entered the scheduling order on December 21, 1992, requiring plaintiff to make all Rule 220 disclosures by March 1, 1993, and to take all depositions by April 1, 1993. Trial was to be held during the jury term commencing on November 15, 1993.

On March 1, 1993, plaintiff filed a motion to amend the scheduling order asking that the time to make Rule 220 disclosures be extended to April 1, 1993, and the time to take depositions be extended to May 1, 1993. Plaintiff alleged that because of defendants' late compliance with the request to produce documents, and her attorney's schedule and caseload, she was prevented from timely communicating with her Rule 220 experts. It is important to note plaintiff never requested a hearing on this motion to amend. On March 5, 1993, defendants filed a motion to bar the naming of expert witnesses. A hearing was set for April 13, 1993, and on that date, arguments were heard and the parties were directed to file briefs within 10 days.

On April 23, 1993, plaintiff filed a first-amended motion to amend the scheduling order. She sought to extend the time for disclosure of Rule 220 experts to May 1, 1993, and the time for taking depositions of such experts to June 1, 1993. Plaintiff noted the trial was scheduled for the week of November 15, 1993, and attached certain correspondence to this motion. This correspondence, dated April 8, 1993, contained a partial disclosure of experts, including the names of an attorney and two doctors as well as the curriculum vitaes of the doctors. No notice of motion was attached to that motion but the cover letter from plaintiff's attorney requested that a hearing be held at the same time as the hearing on defendants' motion to bar the naming of experts. The record on appeal does not indicate any hearing or ruling on plaintiff's motion.

On May 28, 1993, defendants filed the disclosure of their experts. Defendants alleged that plaintiff had failed to comply with the scheduling order in that, although the April 8, 1993, letter disclosed the names of the experts, plaintiff had not yet disclosed those experts' opinions and the bases for those opinions. Defendants disclosed Stephen Willoughby, a lawyer, who would state that defendants did not breach the standard of care in the underlying medical malpractice action.

On June 6, 1993, a hearing was held on defendants' motion to bar the naming of expert witnesses. The docket entry for that date states:

"Defendants' Motion to Bar Naming of Plaintiff's Expert having been heard and the court having reviewed the authority submitted by the parties herein finds the plaintiff has violated the provisions of the pre-trial discovery order and Supreme Court Rule 220 by failure to name experts on or before March 1, 1993. See trial scheduling order. Defendants' Motion to Bar Expert is allowed for Plaintiff's failure to comply with pre-trial discovery order and Supreme Court Rule 220. See *Oldenburg v. Hagemann*, 207 Ill. App. 3d 315 (1991), *Phelps v. O'Malley*, 159 Ill. App. 3d 214 (1987)[,] and *Betts v. Manville Personal Injury Trust*, 225 Ill. App. 3d 882 (1992). Clerk of the court ordered and directed to forward a copy of this docket entry to all attorneys of record for plaintiff and defendant."

On June 15, 1993, defendants filed a motion for summary judgment alleging the order barring plaintiff from naming experts prevented her from making a *prima facie* case for professional negligence. On July 6, 1993, plaintiff filed a motion to reconsider the order of June 9, 1993, barring plaintiff from naming expert witnesses. Plaintiff attached to that motion the affidavit of her attorney, Michael J. Meyer. Two exhibits were attached to that affidavit, the first being the letter dated April 8, 1993, disclosing the names of the experts plaintiff wished to call and the curriculum vitaes of the two doctors. The second exhibit attached to this affidavit was a letter dated April 30, 1993, from plaintiff's attorney to defendants' attorney, stating the qualifications of Gary E. Peel, the attorney plaintiff wished to call as an expert. This letter also stated the particular paragraphs of plaintiff's complaint to which all three experts were expected to testify.

On August 2, 1993, the following docket entry was made:

"Plaintiff present by counsel Michael Meyer. Defendant present by counsel Brian Groh. Cause called for hearing on motion for reconsideration. Arguments heard. Motion denied. Cause called for hearing on motion for summary judgment. Arguments heard. Motion allowed. Judgment entered in favor of defendants and against plaintiff. See written order to be filed."

A written order was entered on August 6, 1993, finding that the nature of plaintiff's cause of action against defendants was such that she was required to present expert testimony in order to make a *prima facie* case against defendants. The circuit court found there was no remaining question of material fact and, as a matter of law, defendants were entitled to summary judgment. Plaintiff timely filed her notice of appeal.

On appeal, plaintiff first contends she has not violated Rule 220 because disclosure was made within the time constraints set forth in that rule. Plaintiff suggests she has merely violated the court's scheduling order. Plaintiff attempts to distinguish the cases cited by the court in support of its findings by noting that in those cases, disclosure was made very close to trial and well outside the time limits of Rule 220.

Defendants argue plaintiff did violate Rule 220 and the circuit court properly granted all of their motions. Defendants note plaintiff was aware of the need for experts but delayed in obtaining them and has never properly disclosed her experts' opinions and the bases for those opinions. Defendants allege that although plaintiff claims she deferred the expense of locating her expert witnesses until the statute of limitations issue was resolved, she failed to make this argument to the circuit court and cannot now rely upon it. Finally, defendants contend the cases cited by the circuit court in support of its conclusions are not distinguishable.

■ Supreme Court Rule 220(b)(1) requires a party to disclose the identity of an expert witness retained to give an opinion at trial, either within 90 days after the expert's opinion becomes known to the party or at the first pretrial conference, if the opinion is known at the time, whichever is later. (134 Ill. 2d R. 220(b)(1).) In any event, the trial court on its own motion or on the motion of either party shall enter an order scheduling the dates upon which all expert witnesses shall be disclosed. In selecting such dates, the trial court is to insure that discovery regarding such expert witnesses will be completed not later than 60 days before the date on which the trial court reasonably anticipates the trial will commence. The rule provides that the failure to disclose an expert witness within the required time frame will result in the disqualification of the expert as a witness. *Uhrhan v. Union Pacific R.R. Co.* (1993), 155 Ill. 2d 537, 543, 617 N.E.2d 1182, 1185.

The purpose of Rule 220 is to promote the timely and good-faith pretrial disclosure of expert witnesses to prevent surprise and to facilitate pretrial investigation of credentials of the expert in preparation of cross-examination as well as the substance of the testimony of the opposing party's own expert. (*Baird v. Adeli* (1991), 214 Ill. App. 3d 47, 60, 573 N.E.2d 279, 286-87.) Each subsection of the rule has a different function. Rule 220(b) allows the trial court to establish a disclosure schedule so as to disqualify an expert who is not properly disclosed (134 Ill. 2d R. 220(b)), and Rules 220(c) and (d) require timely notification of shifts in an expert's theory or belief and the limiting of the expert's testimony accordingly (134 Ill. 2d Rules 220(c),(d)).

*Betts v. Manville Personal Injury Settlement Trust* (1992), 225 Ill. App. 3d 882, 913, 588 N.E.2d 1193, 1213.

It is clear that plaintiff violated the scheduling order set by the trial court. The scheduling order entered in December 1992 required that disclosure be made by March 1, 1993. Plaintiff's partial disclosure on April 8, 1993, was over a month late, and she did not seek any hearing for extensions of that deadline. The party filing a motion has the responsibility to bring it to the trial court's attention. (*Gordon v. Bauer* (1988), 177 Ill. App. 3d 1073, 1085, 532 N.E.2d 855, 862.) Unless a motion is brought to the attention of the trial judge and the judge is requested to rule on it, the motion is not effectively made. (*People v. Kelley* (1992), 237 Ill. App. 3d 829, 831, 604 N.E.2d 1051, 1053.) Unless it appears otherwise, where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned. *City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 274, 514 N.E.2d 508, 513.

■ The factors set forth in *Barth v. Reagan* (1990), 139 Ill. 2d 399, 564 N.E.2d 1196, should be considered by a trial court when imposing sanctions for Rule 220 violations. In *Barth*, the supreme court noted that the trial court had relied on the case of *Phelps v. O'Malley* (1987), 159 Ill. App. 3d 214, 511 N.E.2d 974, in its decision. That case enumerated six guiding factors trial courts use to determine the severity of discovery violation sanctions. These factors include (1) the surprise to the adverse party; (2) the prejudicial effect of the expert's testimony; (3) the nature of the expert's testimony; (4) the diligence of the adverse party; (5) whether objection to the expert's testimony was timely; and (6) the good faith of the party calling the witness. (*Phelps*, 159 Ill. App. 3d at 224, 511 N.E.2d at 981, citing *Ashford v. Ziemann* (1984), 99 Ill. 2d 353, 369, 459 N.E.2d 940, 947-48.) Plaintiff argues a proper application of these facts shows the trial court abused its discretion by barring her from naming expert witnesses.

The supreme court's decision in *Sohaey v. Van Cura* (1994), 158 Ill. 2d 375, firmly establishes that once a violation of Rule 220 occurs, a trial court has discretion in determining the appropriate sanctions for that violation. In that case, the cutoff date for disclosure of expert witnesses was January 14, 1991, and plaintiffs timely disclosed their expert, Richard Guerard, who was to give an opinion on the standard of care for real estate brokers. Defendants filed a motion to bar this expert's testimony, which was denied by the trial judge. However, on May 2, 1991, four days prior to the scheduled trial date, the successor trial judge granted defendants' motion *in limine* barring this testimony, finding his answers to discovery interrogatories were based on his interpretations of case law and statutes. The appellate court

stated the trial court barred Guerard's testimony after concluding that the possibility of creating confusion for the jury in terms of the proper standard of care outweighed any assistance in understanding the evidence his testimony might give to the jury. *Sohaey v. Van Cura* (1992), 240 Ill. App. 3d 266, 283, 607 N.E.2d 253, 266.

On July 3, 1991, approximately two months prior to the new trial date, plaintiffs located and disclosed another expert, Harold J. Carlson, as a substitute expert. Defendants then filed a motion to bar this expert's testimony arguing the disclosure of him was contrary to the letter and intent of Rule 220. At a pretrial conference on August 7, 1991, the trial court granted defendants' motion to bar this testimony. (*Sohaey*, 240 Ill. App. 3d at 284, 607 N.E.2d at 267.) Plaintiffs eventually appealed contending the trial court erred when it barred the testimony of their second expert.

In holding that a trial court has discretion when imposing sanctions for Rule 220 violations, the supreme court stated:

"Contrary to defendants' arguments [(that the trial court has no discretion in imposing sanctions)], Rule 220 does not establish such an inflexible and draconian framework. Neither should it be read to require such strict and unthinking adherence thereto that a wholly disproportionate and manifestly unjust punishment must result. Rather, the imposition of sanctions for a violation of discovery rules has always been, and still remains, a matter largely within the sound discretion of the trial court. \*\*\*

\*\*\* Rule 220 was adopted with the hopes of eliminating situations where either an expert's late or surprise testimony is permitted to the opponent's prejudice, the opinions are refused to the detriment of the offering party, the trials are continued, or the allowance or denial of the testimony produces reversible error and the cause must be retried. (134 Ill. 2d R. 220, Committee Comments, at 179.) 'Rule 220 attempts to eliminate these evils by establishing a uniform, *but not inflexible,* framework for the timely revelation of the identity of expert witnesses and the subject matter of their testimony.' (Emphasis added.) (134 Ill. 2d R. 220, Committee Comments, at 180.) Reading the rule in the context in which it was written, it is clear that the trial court must retain its discretion in formulating a sanction for technical violations of the rule. Indeed, if Rule 220 did eliminate the trial judge's discretion, the rule itself would generate the very evils that it was formulated to eliminate.

\* \* \*

\*\*\* Thus, we hold that, in order for Rule 220 to serve the purpose for which this court adopted it, trial courts must have the discretion to impose sanctions other than outright disqualification for technical violations." *Sohaey* (1994), 158 Ill. 2d at 381-83.

The supreme court concluded the trial court failed to exercise its discretion because it felt it had no other choice but to disqualify the expert under Rule 220. The supreme court further concluded that the disqualification of Carlson was manifestly unjust and constituted prejudicial error. In reaching this conclusion, the court relied on the factors enumerated in *Barth*, including the lack of surprise to defendants and the detriment to plaintiffs. *Sohaey* (1994), 158 Ill. 2d at 382-83.

Accordingly, we must decide whether the trial court abused its discretion when it granted defendants' motion to bar the naming of expert witnesses for plaintiff's failure to comply with the scheduling order. We hold there was no abuse of discretion.

The factual background and underlying cause for the Rule 220 violation here is vastly different than that in *Sohaey*. There, plaintiffs violated Rule 220 only because the successor trial judge granted defendants' motion *in limine* to bar the testimony of plaintiffs' original expert, who had been timely disclosed. This forced plaintiffs to locate a substitute expert and it was the late disclosure of that expert which formed the Rule 220 violation.

In contrast, the Rule 220 violation here was not caused by trial court rulings nor strategically filed defense motions. Instead, the violation was caused by plaintiff's untimely disclosure of her experts and the failure to secure extensions of the time limits set out in the scheduling order.

Here the trial court entered a scheduling order which was not complied with. Plaintiff filed two separate motions for extensions but never called the motions for hearing, nor did she request a ruling. To say the trial court abused its discretion would render the entry of scheduling orders a mockery. Thus, *Sohaey* provides no basis for holding there was an abuse of discretion by the trial court in this instance.

A brief discussion of one other case cited by both parties demonstrates that there was no abuse of discretion by the trial court in this case. In *Flanagan v. Redondo* (1991), 231 Ill. App. 3d 956, 595 N.E.2d 1077, plaintiff sued the defendant doctor for medical malpractice in the treatment of his broken leg. At trial, plaintiff called Dr. Irwin Feinberg, an orthopedic surgeon who had examined plaintiff, as an occurrence witness. He testified he cut through the tibia and fibula of plaintiff's leg because that allowed easier manipulation of the bone fragments. On cross-examination, he testified that although he had not noticed it before, when examining the X rays of plaintiff's leg, he now saw a fracture at the head of the fibula in addition to a fracture on the lower part of the tibia.

Defendant moved to prevent plaintiff's expert, Dr. Jeffrey Gilles, from testifying that these X rays showed a fracture of the fibula and from giving his opinion regarding the significance of the fracture and the rotation of plaintiff's foot. The trial court sustained defendant's objections to the prospective expert testimony. This testimony was barred because the trial court found Dr. Gilles had not included the fracture of the fibula as a basis for his opinion that plaintiff's foot was rotated out of position. Defendant's expert, Dr. Robert Hall, testified there was no fracture of the fibula and that there was no rotational malignment of plaintiff's foot. *Flanagan*, 231 Ill. App. 3d at 959-60, 595 N.E.2d at 1080.

On appeal, plaintiff contended the trial court committed reversible error when it refused to allow Dr. Gilles to testify regarding the presence of the fracture. In holding the trial court abused its discretion in barring this testimony, the court noted that when Dr. Feinberg, the occurrence witness, presented new evidence at trial, surprising both parties, the trial court could have disallowed both parties' experts from commenting on the evidence or it could have allowed both parties' experts to comment, within its discretion. Instead, the trial court allowed defendant's expert to comment on the new evidence and barred plaintiff's expert from commenting on it even though there was no showing that plaintiff planned the disclosure of the new evidence at trial or otherwise acted in bad faith in its presentation of the evidence. Because of the unfairness of the situation, the court held there was an abuse of discretion when the trial court barred the testimony of plaintiff's expert. *Flanagan*, 231 Ill. App. 3d at 966, 595 N.E.2d at 1083-84.

Again, the factual situation in *Flanagan* can be distinguished from that presented here. In that case, the violation of Rule 220 only occurred because on cross-examination, plaintiff's occurrence witness saw a fracture he had not seen before when examining the X rays and had not considered that information as a basis for his opinion regarding defendant's conduct. Thus, the violation occurred because of some unforeseen circumstance occurring at trial when there could not have been a timely disclosure under Rule 220. In contrast, here, the Rule 220 violation only occurred because of plaintiff's delay in disclosing her experts and her failure to secure the extension of the time limits set forth in the scheduling order.

Finally, plaintiff contends, based on *Barth*, the following factors should have been considered by the trial court, and should be considered by this court, in determining the reasonableness of her noncompliance with the scheduling order: (1) this case was not at issue until defendants filed an answer on October 8, 1992, and in

view of the statute of limitations issue which had been raised by defendants, it was reasonable for her to defer the expense of locating expert witnesses until after the issue on the pleadings was resolved; (2) the scheduling order of December 21, 1992, was the first time the cause had been scheduled for trial; (3) she filed two motions requesting extensions of the time for Rule 220 disclosures which were never heard; (4) the original disclosure deadline was March 1, 1993, and partial disclosure was made on April 8, 1993, and full disclosure was made on April 30, 1993; (5) she presented a reasonable excuse for failing to comply with the March 1, 1993, deadline; (6) the disclosure of the expert witnesses could not have been a surprise to defendants as a clear reading of the complaint would indicate that expert witnesses would be required to establish both the underlying medical malpractice and the legal malpractice claims against defendants; and (7) disclosure was made within the time constraints of Rule 220.

■ We are not persuaded by plaintiff's application of these factors to the facts of this case. Plaintiff knew of her need for expert witnesses from the day she filed the complaint and she waited over one year to answer defendants' interrogatories. Plaintiff suggests it was reasonable for her to defer the expense of locating expert witnesses until after the case on the pleadings was resolved regarding the statute of limitations question. However, we note that issue was resolved in September 1991 and plaintiff did not proceed with her case until December 1992 when she answered defendants' interrogatories and filed her first discovery request. Finally, we emphasize the fact that plaintiff failed to properly secure extensions of time to disclose the experts as set forth in the scheduling order, and therefore simply did not comply with the scheduling order when she disclosed her expert witnesses in April 1993.

A motion for summary judgment is to be granted if the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) The pleadings, depositions, admissions, and affidavits on file must be construed against the movant and in favor of the opponent of the motion, although the opponent cannot rely simply on its complaint or answer to raise an issue of fact when the movant has supplied facts which, if not contradicted, entitle him to a judgment as a matter of law. Summary judgment is a drastic means of disposing of litigation, so the right of the moving party to obtain summary judgment must be clear and free of doubt. Where doubt exists as to the right of summary

judgment, the wiser judicial policy is to permit resolution of the dispute by a trial. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1994), 158 Ill. 2d 240, 249.

Plaintiff needed expert testimony, from a legal expert to testify that the attorneys breached their standard of care and but for that negligence, she would have succeeded in the underlying medical malpractice suit. This would also require a medical expert to testify as to evidence regarding the medical defendants breaching their duty of care. (*Barth*, 139 Ill. 2d at 407, 564 N.E.2d at 1200; see *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 423, 328 N.E.2d 301, 305.) Without such expert testimony to show the proper standard of care and a breach of that standard, as a matter of law, summary judgment was properly entered in favor of defendants.

For the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

KNECHT and LUND, JJ., concur.