ROBERT GRAHAM, Plaintiff-Appellee, v. THOMAS E. HILDEBRAND, Defendant-Appellant.

Fifth District No. 5—91—0727

Opinion filed August 9, 1993.

Thomas E. Hildebrand, of Granite City, appellant *pro se.*

Gail Gaus Renshaw, of Wood River, for appellee.

JUSTICE SCHWARTZ delivered the opinion of the court:

A brief review of the facts which led to the bringing of the motion for sanctions is necessary to an understanding of the position of this case. A judgment was rendered against a client of the defendant attorney. A post-trial motion was filed with respect to the judgment. While the post-trial motion was waiting to be heard, the judgment debtor filed for bankruptcy. The attorney for the judgment creditor (the plaintiff in the prior proceeding is also the plaintiff in this proceeding) secured an assignment from the trustee in bankruptcy for a malpractice action against the attorney for the judgment debtor (the attorney for the judgment debtor is the defendant in this proceeding). The alleged malpractice was the failure of the attorney for the judgment debtor to submit a claim to the homeowner's insurance carrier of the judgment debtor for the injuries which had allegedly occurred to the judgment creditor.

The complaint alleging malpractice was filed on June 25, 1990. The post-trial motion was ruled upon on August 7, 1990. The request of the post-trial motion was granted, and a new trial was ordered thereby setting aside the judgment. A motion to dismiss the malpractice action was filed on September 18, 1990, by the defendant, alleg-

ing several reasons why the complaint should be dismissed, including the fact that an action for attorney malpractice is not assignable and the fact that the judgment had been set aside by virtue of the granting of a new trial. Three months after the order was entered granting a new trial to the judgment debtor and nearly two months after the defendant filed the motion to dismiss, an order was entered on November 2, 1990, granting the motion of the plaintiff to voluntarily dismiss the malpractice action. No written motion for voluntary dismissal is found of record. One month after the order was entered granting the voluntary dismissal of the malpractice action, the defendant filed a motion pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) and section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). A hearing was held on this motion on September 20, 1991, and on the same date an order was entered denying the motion but directing the plaintiff to pay the court costs of the defendant. This appeal is taken from the order entered September 20, 1991.

Initially, it should be noted that Supreme Court Rule 137 became effective August 1, 1989, and it preempted all matters sought to be covered by section 2—611 of the Code of Civil Procedure. (See *In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226, 1230; *Chicago City Bank & Trust Co. v. Pick* (1992), 235 Ill. App. 3d 252, 256, 602 N.E.2d 484, 487; *People ex rel. Village of Buffalo Grove v. Village of Long Grove* (1990), 199 Ill. App. 3d 395, 417, 557 N.E.2d 643, 658.) Supreme Court Rule 137 and section 2—611 are the same "except that Rule 137 provides that a circuit court 'may' impose sanctions for violations of the rule while section 2—611 provides that sanctions 'shall' be imposed." *Monco v. Janus* (1991), 222 Ill. App. 3d 280, 297, 583 N.E.2d 575, 586.

The decision as to whether sanctions should be imposed is within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 467, 551 N.E.2d 1319, 1323.) The Illinois Appellate Court, Third District, set forth baseline criteria in such cases in its decision in the case of *In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 1009-10, 559 N.E.2d 571, 573:

"However, the predicate to such deference is that the circuit court make an informed and reasoned decision. A hearing ought to be held to give the parties involved an opportunity to present any evidence needed to substantiate or rebut the claim for sanctions and an opportunity to argue their positions. A hearing was held in this case on the motion for fees and ex-

penses, but the order entered suggests that no evidence was taken at that hearing. In the absence of findings which would justify foregoing an evidentiary hearing, the circuit court erred in not having such a hearing. See *Beno v. McNew* (1989), 186 Ill. App. 3d 359, 542 N.E.2d 533.

The decision of the circuit court needs to clearly set forth the factual basis for the result reached in order to be accorded deferential treatment. The appellate court in reviewing a decision on a motion for sanctions should primarily be determining whether (1) the circuit court's decision was an informed one, (2) the decision was based on valid reasons that fit the case, and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case. Secondarily, the appellate court should maintain some consistency of result at least for certain situations which are common and for which a clear result follows from the spirit as well as the letter of the applicable rules or statutes. (See generally *Mars Steel Corp. v. Continental Bank N.A.* (7th Cir. 1989), 880 F.2d 928 (Seventh Circuit's *en banc* decision on how to approach review of decisions under Rule 11 of the Federal Rules of Civil Procedure, the rule on which section 2—611 and Rule 137 are patterned).) For a court of review to enter its decision without benefit of the trial court's explicit findings tends to establish too many *ad hoc* rules of law as to the correct result in any given case. In this case the circuit court undoubtedly had reasons for its decision; however, it failed to express those reasons."

In *Bertuli v. Gaull* (1991), 215 Ill. App. 3d 603, 605, 574 N.E.2d 1390, 1391, the Illinois Appellate Court, Third District, followed the ruling set forth in the case of *In re Estate of Smith* and stated:

"The predicate to such deference, however, is that the circuit court make explicit factual findings upon which a court of review may make an informed and reasoned decision."

A hearing was held on September 20, 1991, with respect to the motion pursuant to Supreme Court Rule 137 and section 2—611 filed by the defendant on December 3, 1990. However, the hearing degenerated into an argument between the attorneys during which no witnesses were sworn, no exhibits were offered, and no evidence was received. The transcript reflects a summary end to the proceedings, with the presiding judge denying the motion. No findings were rendered from the bench or in the order which was entered the same date as the hearing.

During the hearing the defendant alleged that the complaint was spurious and had no basis in law or fact. The defendant further alleged that the malpractice action was filed before the post-trial motion was ruled upon, which is correct based upon the record. He further alleged that the attorney whose signature appears on the complaint knew nothing about it. The defendant alleged that he owes the law firm which represented him in the malpractice action the sum of $1,292.35. No bills, statements, or invoices were offered into evidence.

During the hearing the plaintiff stated that he was informed through discovery that the judgment debtor did not have homeowner's insurance. However, while waiting on the post-trial motion to be ruled upon, the judgment debtor filed for bankruptcy and the attorney for the plaintiff knew that the judgment "had a chance of being dismissed." Therefore, the attorney for the plaintiff alleges that he discussed a malpractice action with the senior partner of the firm with the idea that the carrier of the malpractice insurance would pay the judgment in settlement of the malpractice claim. The discussion was whether there was a statute of limitations problem with a malpractice action. The attorney for the plaintiff then went to bankruptcy court and worked out an arrangement with the bankruptcy trustee to have the malpractice action assigned to the plaintiff for a percentage of any amount recovered.

The court then ruled that the matter was not proper under Supreme Court Rule 137 but should be the subject of a malicious prosecution action, and the court denied the motion but awarded court costs.

The decision of the trial court is accorded great deference on appeal and will normally be affirmed if supported by a review of the entire record. However, Supreme Court Rule 137 is penal in nature, requiring the special consideration described by the Illinois Appellate Court, Third District, in *In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 559 N.E.2d 571. Using the criteria set forth in the case of *In re Estate of Smith*, the trial court did not make an informed and reasoned decision. The trial court erred in ruling that this matter was not proper under Supreme Court Rule 137. Supreme Court Rule 137 provides:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the

extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** All proceedings under this rule shall be within and part of the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney involved in the civil action in question." (134 Ill. 2d R. 137.)

The defendant chose to bring this matter before the court pursuant to Supreme Court Rule 137. The motion of the defendant was appropriate and deserving of an evidentiary hearing. The trial court erred in stating, "I'm denying your motion, as I don't think it comes under this."

Therefore, the judgment of the circuit court in this case is reversed, and this cause is remanded with instructions to the trial court to hold a hearing on the motion in conformity with the criteria set forth in *In re Estate of Smith.*

Reversed and remanded with directions.

LEWIS and McLAUGHLIN, JJ., concur.