*In re* MARRIAGE OF E. ESTHER BARMAK, Petitioner-Appellee, and MARK E. BARMAK, Respondent-Appellant.

Second District    No. 2—95—0513

Opinion filed November 15, 1995.

Michael J. Cummins, of Cummins, Mardoian & Lesser, of Lake Forest, for appellant.

No brief filed for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The respondent, Mark Barmak, appeals from the trial court's order dismissing as untimely his petition for sanctions against the petitioner, Esther Barmak, pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137). We affirm.

We note at the outset that Esther has not filed a brief in this appeal. However, because we find that the issues presented are straightforward, we may resolve them without an appellee's brief in accordance with *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

In 1993, Mark filed a petition seeking contribution toward the college expenses of one of the parties' children. Following an unfavorable ruling by the trial court on December 6, 1993, Mark filed a notice of appeal from that order. On March 7, 1994, Esther petitioned the trial court for an award of prospective attorney fees for the defense of the appeal pursuant to section 508(a)(3) of the Illinois Mar-

riage and Dissolution of Marriage Act (750 ILCS 5/508(a)(3) (West 1994)).

Mark filed a motion to strike and dismiss the petition due to Esther's failure to properly allege her inability to pay her own attorney fees. Mark's motion was granted, and Esther was given 21 days in which to amend her petition for fees. Mark's request for sanctions under Rule 137 for the filing of the fee petition, however, was denied.

On May 9, 1994, Esther filed an amended petition for fees on appeal. Once more, the court dismissed the petition on Mark's motion, giving Esther leave to replead within 28 days. Again, the court denied Mark's request for Rule 137 sanctions for the filing of the amended fee petition.

On August 2, 1994, Esther filed her second amended petition for fees, alleging that she was unable to pay both the retainer to her appellate attorney and her ordinary living expenses. On September 28, 1994, the trial court denied Mark's motion to dismiss the second amended petition, ordered him to respond to the petition within 14 days, stated that discovery would be completed within 30 days thereafter, and set the matter for hearing on December 16, 1994.

On November 1, 1994, however, Esther filed a motion to voluntarily dismiss her fee petition pursuant to section 2—1009 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—1009 (West 1994)). In his response, Mark argued that the motion should be granted but that the petition should be dismissed with prejudice. On November 1, 1994, the court granted Esther's motion. The order stated: "Esther Barmak's motion for voluntary dismissal is granted and petitioner's second amended petition for attorney's fees for defense of appeal is dismissed, without prejudice, over respondent's objection."

On February 13, 1995, Mark filed a petition for sanctions against Esther and her counsel "for violating Rule 137 and filing a false pleading," alleging that all three petitions for fees were false. On March 20, 1995, Esther's counsel, Paul Jenen, filed his own motion for sanctions against Mark and Mark's counsel, arguing that Mark's petition for sanctions was "grossly improper" and that, as the trial court was without jurisdiction to proceed on Mark's petition for sanctions, Jenen was entitled to fees expended in defending against Mark's petition.

On March 20, 1995, the court denied Mark's petition, stating that it had been filed "over 30 days after the non-suit of the motion at issue." The court also ordered Mark to respond to Jenen's Rule 137 motion setting the motion for hearing.

On April 12, 1995, the court denied Mark's motion to reconsider, Jenen's motion for Rule 137 sanctions, and Mark's motion to strike

Jenen's motion. In its order, the court noted "that there was a genuine dispute with reference Mark's Rule 137 as to the interpretation of that Rule." This appeal followed.

At issue on appeal is whether Mark's petition for sanctions was timely under Rule 137. That rule provides, in pertinent part:

> "If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee.
>
> All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action. *Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion.*" (Emphasis added.) (155 Ill. 2d R. 137.)

Prior to the 1993 amendment, Rule 137 contained no time period within which a motion had to be filed, although all proceedings under the rule had to be within and a part of the underlying action. (*Pines v. Pines* (1994), 262 Ill. App. 3d 923, 927; see also 134 Ill. 2d R. 137.) Accordingly, courts interpreting the prior version of the rule held that a motion for sanctions could be filed at any time during which the trial court had jurisdiction, which extended 30 days past the date the last order or judgment was issued in the case. (See *Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 1002.) In order "to clarify when motions for sanctions must be filed" (155 Ill. 2d R. 137, Commentary), the rule was modified to specify that such motions must be filed within 30 days of the entry of final judgment or the ruling on a timely post-judgment motion. Thus, the question of the timeliness of Mark's petition turns on whether the voluntary dismissal without prejudice of Esther's second amended petition was a final judgment within the meaning of Rule 137.

Under the rule established in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, a voluntary dismissal without prejudice under section 2—1009 of the Code is final and appealable as to the respondent. (See also *Swisher v. Duffy* (1987), 117 Ill. 2d 376, 379; *Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 466.) As such, the dismissal of Esther's second amended fee petition triggered the 30-day time period within Rule 137 for the filing of a petition for sanctions.

Because Mark's Rule 137 petition was admittedly filed more than 30 days after the November 1, 1994, dismissal, the trial court was correct in dismissing the petition as untimely.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN, P.J., and INGLIS, J., concur.