748 N.E.2d 222 (2001)
321 Ill. App.3d 509
254 Ill.Dec. 776
John TWARDOWSKI, Plaintiff-Appellant,
v.
HOLIDAY HOSPITALITY FRANCHISING, INC.; Paula Lange; and Kinseth Hotel Corporation, Defendants-Appellees.
Nos. 1-99-3836, 1-99-4356.
Appellate Court of Illinois, First District, First Division.
March 30, 2001.
*225 John Twardowski, pro se.
James K. Horstman, Iwan, Cray, Huber, Horstman & Van Ausdal, LLC, Chicago, for Appellees.
Justice COHEN delivered the opinion of the court:
In June 1998, the plaintiff filed a pro se complaint against the defendants for their alleged failure to honor a reservation he had made for a month-long stay at their facility in Dubuque, Iowa. On November 18, 1998, the trial court dismissed the complaint.
The defendant filed a second pro se complaint on May 10, 1999. On July 16, 1999, the defendant Bass Hotels and Resorts, as successor in interest to Holiday Hospitality Franchising, filed a motion to dismiss and a motion for sanctions in the amount of fees and costs. On July 26, 1999, the trial court granted the motion to dismiss the plaintiff's second complaint. The motion for sanctions was noticed for hearing on August 16, 1999. However, no hearing occurred on that date.
On August 27, 1999, the defendants filed a new motion for sanctions. The trial court entered an order for sanctions in the amount of $691.97 on September 3, 1999. The plaintiff filed a motion to vacate the order of sanctions, which the trial court denied on October 20, 1999.
On November 1, 1999, the plaintiff filed what was apparently a second motion to vacate. In response, the trial court entered an order that sanctioned the plaintiff for $1,000 and prohibited him from filing any more motions in the case.
The plaintiff filed pro se appeals of both the September 3, 1999, sanction order awarding defendant $691.97 in attorney fees and costs and the November 1, 1999, order requiring plaintiff to pay an additional $1,000. These appeals have been consolidated for review. We now vacate both orders of sanctions.

ANALYSIS
Initially, we note that the plaintiff's brief fails to adhere to the supreme court rules governing appellate review. The brief does not contain a proper summary statement, introductory paragraph or statement of the issue presented for review as required by Supreme Court Rule 341(e) (177 Ill.2d R. 341(e)). The brief does not contain an appendix with the order appealed from and an index to the record as required by Supreme Court Rule 342 (155 Ill.2d R. 342). However, while the insufficiency of the plaintiff's brief in this case hinders review, meaningful review is not precluded. The merits of the present case can be readily ascertained from the record on appeal and, accordingly, we choose to reach the merits.
Admittedly, plaintiff's pro se status does not relieve him of the burden of complying with the format for appeals as mandated by the supreme court rules. Bielecki v. Painting Plus, Inc., 264 Ill.App.3d 344, 354, 202 Ill.Dec. 318, 637 N.E.2d 1054 (1994). It is well established that this court is not required to search the record to determine what legal issues are involved in an appeal. Bielecki, 264 Ill.App.3d at 354, 202 Ill.Dec. 318, 637 N.E.2d 1054, citing Biggs v. Spader, 411 Ill. 42, 103 N.E.2d 104 (1951). Rather, a reviewing court is entitled to have briefs submitted that present an organized and *226 cohesive legal argument in accordance with the Supreme Court Rules. In re Marriage of Souleles, 111 Ill.App.3d 865, 869, 67 Ill.Dec. 485, 444 N.E.2d 721 (1982). However, along with these general rules, this court has held that "our jurisdiction to entertain the appeal of a pro se plaintiff is unaffected by the insufficiency of his brief," so long as we understand the issue plaintiff intends to raise and especially where the court has the benefit of a cogent brief of the other party. Bielecki, 264 Ill.App.3d at 354, 202 Ill.Dec. 318, 637 N.E.2d 1054, citing Tannenbaum v. Lincoln National Bank, 143 Ill.App.3d 572, 575, 97 Ill.Dec. 661, 493 N.E.2d 143 (1986). Cf. Harvey v. Carponelli, 117 Ill.App.3d 448, 451, 72 Ill.Dec. 945, 453 N.E.2d 820 (1983), cert. denied (1984), 466 U.S. 951, 104 S.Ct. 2153, 80 L.Ed.2d 539 (court chose to entertain the pro se plaintiff's appeal despite its finding that plaintiff's brief was flagrantly deficient in many respects and violative of Supreme Court Rule 341).
Here, as in Bielecki and Harvey, plaintiff's pro se briefs fail to clearly articulate the errors relied upon for reversal or present an organized and cohesive argument in compliance with the supreme court rules. However, it is clear from plaintiff's briefs that he seeks to challenge both the trial court's September 3, 1999, sanction order and its November 1, 1999, contempt order. Irrespective of plaintiff's inarticulate briefs, even a cursory review of the record on appeal reveals that both of these orders are void. Courts have a duty to vacate and expunge void orders from court records and thus may sua sponte declare an order void. Gilchrist v. Human Rights Comm'n, 312 Ill.App.3d 597, 601, 245 Ill.Dec. 484, 728 N.E.2d 566 (2000), citing Siddens v. Industrial Comm'n, 304 Ill.App.3d 506, 511, 238 Ill.Dec. 205, 711 N.E.2d 18 (1999).
On July 26, 1999, the trial court dismissed plaintiff's cause of action. However, the defendants' characterization of the trial court's July 26, 1999, dismissal order as a "dismissal for want of prosecution" is misguided. The July 26 order was submitted to the court by the attorney for defendants. In filling out this form order, defendants' attorney checked the box next to the category "Case Dismissed for Want of Prosecution" and handwrote the words "WITH PREJUDICE" immediately following the preprinted language. Section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1992)), which governs dismissals for want of prosecution, does not allow a dismissal for want of prosecution to be with prejudice. Walton v. Throgmorton, 273 Ill.App.3d 353, 357, 210 Ill.Dec. 1, 652 N.E.2d 803 (1995). Thus, the July 26 order is ambiguous on its face.
Generally, the intention of the court is determined by the language in the order entered, but where the language of the order is ambiguous, it is subject to construction. Purcell & Wardrope, Chartered v. Hertz Corp., 279 Ill.App.3d 16, 21, 215 Ill.Dec. 769, 664 N.E.2d 166 (1996). In cases of ambiguity, the orders appealed from should be interpreted in the context of the record and the situation that existed at the time of their rendition. Purcell, 279 Ill.App.3d at 21, 215 Ill.Dec. 769, 664 N.E.2d 166, citing People v. Cooper, 132 Ill.2d 347, 138 Ill.Dec. 282, 547 N.E.2d 449 (1989). The notice of motion in the record indicates that the July 26, 1999 hearing date was scheduled for defendants to obtain a ruling on their motion to dismiss. Defendants' motion sought to dismiss plaintiff's complaint pursuant to section 2-619 of the Code on the grounds that it was barred by principles of res judicata. Accordingly, the trial court's July 26 order should be construed as a "dismissal with *227 prejudice." In fact, defendants concede this interpretation in their brief, arguing that the July 26 order was a dismissal with prejudice on res judicata grounds.
It is well established that a trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment unless a timely postjudgment motion is filed. Beck v. Stepp, 144 Ill.2d 232, 238, 162 Ill.Dec. 10, 579 N.E.2d 824 (1991). In the present case, defendants had until August 26, 1999, to file a timely motion for sanctions pursuant to Rule 137 (134 Ill.2d R. 137). Defendants would likely argue that their motion for sanctions was timely because it was filed on July 16, 1999, and was pending on July 26, 1999, when the dismissal order was entered. However, the motion for sanctions filed prior to judgment was scheduled for hearing on August 16, 1999, but was not heard.
Defendants' pleadings before the trial court indicate that a docketing error was the reason that their original motion for sanctions was not heard on August 16, 1999. However, the party filing a motion has the responsibility to bring it to the trial court's attention. Prather v. McGrady, 261 Ill.App.3d 880, 885, 199 Ill.Dec. 460, 634 N.E.2d 299 (1994), citing Gordon v. Bauer, 177 Ill.App.3d 1073, 1085, 127 Ill.Dec. 26, 532 N.E.2d 855 (1988). Unless circumstances indicate otherwise, where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned. Prather, 261 Ill.App.3d at 885, 199 Ill.Dec. 460, 634 N.E.2d 299, citing City National Bank v. Langley, 161 Ill.App.3d 266, 274, 112 Ill.Dec. 845, 514 N.E.2d 508 (1987); Majewski v. Von Bergan, 266 Ill.App.3d 140, 144, 203 Ill.Dec. 63, 638 N.E.2d 1189 (1994).
Significantly, after the August 16, 1999, hearing, defendants did not re-notice their motion for sanctions or request that the trial judge enter and continue the motion for hearing at a later date. To the contrary, on August 27, 1999, defendants filed a new motion for sanctions. The defendants' action in filing a second motion supports the presumption that the original motion for sanctions was abandoned. It was this second motion for sanctions that defendants noticed for hearing on September 3, 1999. Accordingly, the trial court's September 3 order was entered pursuant to a motion for sanctions filed more than 30 days after entry of the July 26 order which dismissed plaintiff's case with prejudice. As the trial court was without jurisdiction to entertain this second motion for sanctions because it was not timely filed, the September 3 sanction order is void and should be vacated. See In re Marriage of Barmak, 276 Ill.App.3d 83, 85-86, 212 Ill. Dec. 529, 657 N.E.2d 730 (1995); F.H. Prince & Co. v. Towers Financial Corp., 266 Ill.App.3d 977, 991-92, 203 Ill.Dec. 940, 640 N.E.2d 1313 (1994). In light of this determination, all subsequent orders entered by the trial court are also void. It should be noted, however, that even if the trial court had jurisdiction over this matter when the September 3, 1999, and the November 1, 1999, orders were entered, we would reverse these judgments.
In order to allow courts to conduct an informed and reasoned review of the sanction decision, Rule 137 requires that the trial court set forth the reasons and basis for its decision. Bedoya v. Illinois Founders Insurance Co., 293 Ill.App.3d 668, 681, 228 Ill.Dec. 59, 688 N.E.2d 757 (1997). Failure to make specific findings pursuant to Rule 137 is grounds for reversal of the trial court's order. Mandziara v. Canulli, 299 Ill.App.3d 593, 233 Ill.Dec. 484, 701 N.E.2d 127 (1998). In Bedoya, the trial court set forth no reasons for granting attorney fees under Rule 137 other than "[t]hey [plaintiffs] *228 are entitled to it." Bedoya, 293 Ill.App.3d at 681, 228 Ill.Dec. 59, 688 N.E.2d 757. Accordingly, this court reversed the trial court's grant of Rule 137 sanctions and remanded the cause for further proceedings to allow the trial court to make specific findings of fact or law supporting its decision. In the present case, the trial court's sanction order summarily states, "the motion for sanctions is granted" and further awards defendants $691.97. This language is clearly insufficient under Rule 137.
Similarly, the language in the November 1, 1999, contempt order is so legally insufficient as to render it void. Although the trial court's order is devoid of any reasoning or findings, the record on appeal and the parties' briefs suggest that plaintiff was summarily found in direct criminal contempt for filing duplicate motions. Ostensibly, plaintiff filed a motion to vacate the trial court's September 3, 1999, sanction order which was denied on October 20, 1999. This order included language that it was final and appealable. On November 1, 1999, plaintiff presented a second motion which stated in part, "I file to vacate 9-3-99 timely within 30 days." In response to plaintiff's duplicate motion to vacate, the trial court entered an order which stated, "[t]he plaintiff is sanctioned an additional $1000 for contempt of court." The contempt order also precluded plaintiff from filing any additional motions in the case.
If the purpose of a contempt sanction is retrospectiveto punish past conductthe nature of the contempt is criminal. People v. Minor, 281 Ill.App.3d 568, 572, 217 Ill.Dec. 449, 667 N.E.2d 538 (1996). The power to punish for criminal contempt is an extraordinary one, which can only be exercised by a court if a contemnor engages in specific misconduct that is "`calculated to embarrass, hinder, or obstruct a court in its administration of justice or to derogate from its authority or dignity, or bring the administration of law into disrepute.'" People v. Miller, 51 Ill.2d 76, 78, 281 N.E.2d 292 (1972), quoting In re Estate of Melody, 42 Ill.2d 451, 452, 248 N.E.2d 104 (1969). Direct criminal contempt is characterized as conduct that takes place in the presence of the judge or within an integral part of the court. Minor, 281 Ill.App.3d at 572-73, 217 Ill.Dec. 449, 667 N.E.2d 538 (court upheld sanction for filing documents containing false statements with the clerk). Here, it is alleged that the purpose of the sanction was to punish plaintiff for filing duplicate motions on the same issue. Therefore, the nature of the sanction would be direct criminal contempt.
In Miller, the court stated the principles regarding review of direct contempt orders:
"The general doctrine that a reviewing court will ordinarily sustain a proper ruling of a trial court even though the ground assigned for the ruling was erroneous does not apply in the review of direct contempt orders. * * * [A]n order imposing punishment for direct contempt must state, or the record must show, the specific acts upon which it is based. Such an order must be sustained upon the ground on which it was imposed, or not at all * * *." Miller, 51 Ill.2d at 78, 281 N.E.2d 292.
After reviewing the record on appeal, the reasons for the trial court's November 1 contempt sanction remain unclear. While defendants may surmise in their brief that plaintiff was sanctioned for filing duplicate motions, and the record on appeal indicates that duplicate motions were in fact filed, affirming the trial court's ruling on this basis would be pure speculation. Therefore, we hold that the November 1, *229 1999, contempt order's lack of specificity renders it void.
Further, an element essential to a finding of criminal contempt is that the conduct be willful. Minor, 281 Ill.App.3d at 574, 217 Ill.Dec. 449, 667 N.E.2d 538. The requisite contemptuous intent is established if the contemnor knew or reasonably should have known that his act was wrongful. In re Marriage of Bartlett, 305 Ill.App.3d 28, 32, 238 Ill.Dec. 357, 711 N.E.2d 460 (1999). Under the facts of this case, it is unlikely that a barely literate pro se litigant understood his conduct to be offensive to the court. In fact, the one thing plaintiff's brief does manage to articulate is his belief that he was filing an appeal from the September 3, 1999, judgment when he filed his second motion to vacate in the trial court. Accordingly, we reverse both of the trial court's contempt sanctions.
Reversed.
McNULTY, P.J., and TULLY, J., concur.