2021 IL App (1st) 192000-U

No. 1-19-2000

Order filed January 19, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FLORIN M. SERBAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M3 4540 |
| | ) | |
| LISA M. AUVIL & TOM AUVIL, | ) | Honorable |
| | ) | Martin C. Kelley, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's judgment where plaintiff has not presented a sufficient record for our review of his claims.

¶ 2    Plaintiff Florin Serban appeals *pro se* from the trial court's order entering judgment in favor of defendants Lisa M. Auvil and Tom Auvil in this breach of contract action.[1] On appeal, plaintiff argues that the trial court did not allow him "to present his full testimony and present and examine

_____

[1] As defendants share a last name, we refer to them individually by their first names.

his witness and introduce any other evidence" in support of his breach of contract allegations at trial. We affirm.

¶ 3    We initially note that the record on appeal lacks a report of proceedings. As such, the following facts are adduced from the common law record, which includes the court's docket entries, orders, and plaintiff's *pro se* complaint.

¶ 4    On June 14, 2019, plaintiff filed a *pro se* complaint against defendants, alleging breach of contract. In the complaint, plaintiff claimed that on or about April 5, 2018, he and defendants entered into an oral agreement for him to remodel defendants' previously flooded basement. Under the terms of the agreement, defendants agreed to pay plaintiff for labor and materials. On or about October 6, 2018, defendants terminated the agreement and asked for an invoice for the work which had been completed. On October 25, 2018, plaintiff sent defendants an invoice. The invoice, attached to plaintiff's complaint, described the total amount owed for the work and materials to be $4,915.01. Defendants refused to pay the invoice. Plaintiff requested a judgment in this amount from defendants.

¶ 5    The record also contains a July 19, 2019 untitled document that defendants filed with the court. This document contains photocopies of text messages between unnamed individuals, "Mike Serban," and "Lisa," as well as copies of emails between "Mihai Serban" and Lisa. The document also contains two invoices for "basement remodeling" sent by "Mike The One" to defendants with differing totals dated October 8, 2018 and October 25, 2018. Lastly, the document contains an estimate from "A to Z General Maintenance & Repair Inc." dated May 2, 2019, describing the scope of work to include "[f]inish work started by others in basement" with a total estimate of $27,529.

¶ 6    On September 6, 2019, Lisa filed a *pro se* appearance as defendant. The record on appeal does not contain any appearance for Tom. On that date, the court entered a form trial call order which stated: "THIS MATTER having come before the Court, the Court having jurisdiction and being fully advised, IT IS HEREBY ORDERED: Judgment for Defendant[s] Tom Auvil, Lisa Auvil, after trial." On October 2, 2019, plaintiff filed a notice of appeal.

¶ 7    On appeal, plaintiff essentially contends the trial court erred in finding in favor of defendants. Specifically, he argues the court did not allow him to present "his full testimony," present and examine a witness, or introduce any other evidence, including an invoice containing the scope of work he performed and his expenses related to the basement project.

¶ 8    As an initial matter, we note that plaintiff's brief fails to comply with many of the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, his brief does not contain, *inter alia*, a "Points and Authorities" statement (see Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020)), any statement of jurisdiction (see Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020)), or an argument section containing citations either to the record or to legal authority supporting his claims (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)).

¶ 9    The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. A reviewing court is entitled to have briefs submitted that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve him of his obligation to comply with the applicable appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. We have the authority to dismiss an appeal where the appellant's brief does not comply with

Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. Nevertheless, we may review an otherwise insufficient appeal where "we understand the issue plaintiff intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski*, 321 Ill. App. 3d at 511.

¶ 10    Here, defendants have filed a *pro se* response brief; however, it also contains numerous violations of the applicable appellate practice rules. Regardless of such deficiencies, it is clear from the parties' briefs that plaintiff is challenging the September 6, 2019, trial court order entering judgment in favor of defendants. We, therefore, elect not to dismiss the appeal on this basis. See *Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (the reviewing court has the choice to review the merits of the appeal, even in light of multiple Rule 341 deficiencies).

¶ 11    That said, plaintiff's appeal fails because he did not provide an adequate record on appeal for this court's review. Plaintiff, as the appellant, has the burden to provide a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); see Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 323 (eff. July 1, 2017). In the absence of such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will, therefore, be resolved against the appellant (*id*. at 392), especially where, as here, the judgment order states the court is fully advised in the premises (*Maniscalco v. Porte Brown, LLC*, 2018 IL App (1st) 180716, ¶ 30).

¶ 12    Here, the record on appeal does not contain a report of proceedings from the trial, a bystander's report, or any agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without any of these filings, we cannot determine the facts presented by the parties at trial,

the admissibility of evidence and other legal issues, or whether support exists for defendant's claims that the trial court refused to allow him to present evidence in support of his allegations of breach of contract. Due to the inadequate record, we must presume that the trial court acted in conformity with the law and with a sufficient factual basis for its findings. See *Foutch*, 99 Ill. 2d at 391-92. Accordingly, we affirm the trial court's ruling.

¶ 13    Affirmed.