2024 IL App (1st) 230148-U

No. 1-23-0148

Order filed October 22, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Human Rights |
| | ) | Commission. |
| v. | ) | |
| | ) | Charge No. 2021 CP 2435 |
| THE ILLINOIS HUMAN RIGHTS COMMISSION, | ) | |
| ILLINOIS DEPARTMENT OF HUMAN RIGHTS, and | ) | |
| STARBUCKS CORPORATION, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Affirmed. The Illinois Human Rights Commission did not abuse its discretion in upholding the dismissal of petitioner's charge of discrimination for failure to proceed.

¶ 2     Petitioner, Jerico Matias Cruz, filed a charge of discrimination with the Illinois Department of Human Rights (IDHR) pursuant to the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2020)). The charge alleged that Starbucks Corporation, doing business as Starbucks

Coffee Company store 58413 (Starbucks), discriminated against him based on race, color, national origin, military status, and citizenship status. The IDHR dismissed the charge for failure to proceed. Cruz requested a review with the Illinois Human Rights Commission (Commission), which sustained the finding. Cruz filed a direct appeal with this Court. We affirm.

¶ 3    On October 21, 2021, Cruz filed the charge with the IDHR, alleging he was discriminated against by Starbucks, where he was denied the full and equal enjoyment of Starbuck's facility based on his race (Asian), color (medium-complexioned), national origin (Philippines), military status (U.S. armed forces veteran), and citizenship status (naturalized citizen). For all claims, he alleged that, on June 13, 2021, Starbucks told him to leave its facility for the "given reason" that he was talking too loudly on his phone and "by calling" the police, who required him to leave the Starbucks. Cruz claimed similarly situated patrons not in his protected classes were treated differently under similar circumstances.

¶ 4    On June 9, 2022, the IDHR dismissed Cruz's charge for failure to proceed and sent Cruz a notice of the dismissal. In the notice, the IDHR stated that on December 15 and 22, 2021, its staff left Cruz voicemail messages to contact its staff. Voicemail messages were also left on December 22, 2021, for Cruz's designated contact persons. On April 9, 2022, staff mailed Cruz a letter requesting that he contact staff immediately. On April 19, 2022, staff mailed Cruz another letter requesting that he contact staff no later than May 24, 2022, and advising him that failure to do so would result in dismissal of his charge. The mail sent to Cruz was not returned as undeliverable. The IDHR also sent a copy of the April 19, 2022, letter to Cruz's designated contact person. As of May 24, 2022, Cruz failed to contact staff as requested. The IDHR therefore dismissed Cruz's charge for failure to proceed because he did not adequately respond to its reasonable requests.

¶ 5    On September 12, 2022, Cruz filed a request for review with the Commission. He stated that on August 18, 2021, he emailed Northeastern Illinois University's (NEIU) help desk about being unable to access his student account and email. Cruz attached the email as an exhibit. He asserted that he still had no access to the account.

¶ 6    Cruz also stated that, on November 6, 2021, he sent an email to the IDHR's Intake Unit with a completed complainant questionnaire regarding his charge and, on November 7, 2021, emailed IDHR's Intake Unit with an "updated" questionnaire. Cruz attached both emails as exhibits. They reflect that defendant listed the same mailing address as he used on his request for review, which was the same as the one listed on his charge: an address on the 5100 block of North Keating in Chicago. As his "argument" supporting his request for review, Cruz asserted that he "does not have access to his NEIU.EDU Email account since August 2021."

¶ 7    On October 18, 2022, the IDHR filed a response to Cruz's request for review, reiterating its repeated attempts to reach Cruz. The IDHR elaborated that on April 19, 2022, it mailed Cruz a notice of fact-finding conference scheduled for May 17, 2022. On that same date, the IDHR mailed Cruz a letter from its staff, stating, in pertinent part:

> "I have attempted to contact you by phone and mail unsuccessfully. It is important that I speak with you immediately to conduct a Complainant Interview, obtain your settlement proposal(s) and confirm your attendance at the Fact-Finding Conference scheduled for May 17, 2022. *** If you do not contact me within 30 days from receipt of this letter, I will have no other alternative but to cancel the conference and recommend dismissal of your charge for failure to proceed with the investigation."

The letter was mailed with proper postage to defendant's address of record (his North Keating address) and was not returned by the postal service as "undeliverable." The IDHR also mailed a copy of the letter to Cruz's alternate contact persons. The IDHR asserted that Cruz's "failure to act was deliberate or contumacious and unwarrantedly disregarded the [IDHR's] process."

¶ 9    On December 27, 2022, the Commission entered a final order sustaining the IDHR's dismissal of petitioner's charge for failure to proceed. The Commission found that Cruz did not respond to the IDHR's repeated attempts to reach him by telephone and mail beginning in December 2021, even despite a notice warning him that failure to respond could result in dismissal of the charge. The Commission stated that Cruz's alleged inability to access his email account did not explain why he failed to respond to the IDHR's voicemail messages and letters, which are the methods of communication set forth in the IDHR's administrative rules. The Commission found that Cruz did not establish that he informed the IDHR that he was unreachable or otherwise cooperate as required by the IDHR's rules. The Commission concluded that it was within the IDHR's discretion to dismiss the charge based on Cruz's failure to cooperate.

¶ 10    Pursuant to section 8-111(B)(1) of the Act, Cruz timely filed a *pro se* petition for direct administrative review in this court. See 775 ILCS 5/8–111(B)(1) (West 2022).

¶ 11    On appeal, Cruz asks that we reverse the Commission's decision sustaining the dismissal of his charge. He argues that the IDHR improperly failed to investigate and hold a hearing on his charge. He also contends the Commission failed to "properly review" the exhibits he attached to his request for review, "procedurally follow and review" his request for review as provided for under the Act and the administrative code, and "properly review the *prima facie* evidence and material facts" set forth in his complaint and request for review.

¶ 12    We review the Commission's decision for an abuse of discretion. *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 32. Under that standard, this court will not reverse the Commission's decision unless it is arbitrary or capricious, meaning "it contravenes legislative intent, fails to consider a critical aspect of the matter, or offer[s] an explanation so implausible that it cannot be regarded as the result of an exercise of the agency's expertise." *Id.* ¶ 33. We will not reweigh the evidence or substitute our judgment for that of the Commission. *Id.*

¶ 13    As a preliminary matter, we agree with the Commission that Cruz arguably forfeited a review of the Commission's decision on the merits. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires a brief to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The rule further provides that "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 14    Cruz does not develop any substantive argument, let alone one supported by relevant authority, addressing the basis for the dismissal of his charge: his failure to respond to the IDHR's repeated attempts to reach him via the means specified in its rules. Cruz's failures to do so forfeits our consideration of the issue underlying this appeal. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). But we choose to address the merits of the appeal, as it is clear that Cruz is challenging the dismissal of his charge, and we have the benefit of the Commission's brief. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (reviewing merits of appeal, notwithstanding forfeiture, as merits of appeal could be readily ascertained from record).

¶ 15   Under the Act, after a complainant has filed a charge with the IDHR, the complainant "must cooperate with the [IDHR], provide necessary information and be available for interviews and conferences upon reasonable notice or request by the [IDHR]." 56 Ill. Adm. Code 2520.430(c) (2007). The complainant must provide the IDHR with a notice of any change in address or telephone number or of "any prolonged absence from the current address so that he or she can be located." *Id.* When the complainant cannot be located or does not respond to the IDHR's reasonable requests, the IDHR may dismiss the charge for failure to proceed and provide a notice of dismissal specifying the manner in which the complainant has failed to proceed. *Id.*; 56 Ill. Adm. Code 2520.560(b)(2) (2020). Notice of the dismissal must be sent to the claimant's last known address—here, Cruz's address on North Keating. *Id.*

¶ 16   After reviewing the record, we find that Cruz has failed to demonstrate that the Commission abused its discretion in sustaining the IDHR's dismissal of his charge for failure to proceed. The record supports the Commission's finding that Cruz failed to respond to the IDHR's repeated efforts to contact him for a period of some five months via letters sent to his mailing address of record and phone calls to Cruz and his contact persons. Particularly detrimental, Cruz failed to contact the IDHR to facilitate an interview and confirm his participation at the fact-finding conference as reasonably requested by the IDHR.

¶ 17   On that basis, the Commission properly found that Cruz did not cooperate with the investigation by providing necessary information and being available for interviews and conferences upon reasonable notice or request by the IDHR. 56 Ill. Adm. Code 2520.430(c) (2007). Nor, as the Commission properly found, does the record show that Cruz notified the IDHR of a change in address or telephone number, or regarding a period of prolonged absence from his

current address. See *id.* Indeed, it does not appear that Cruz argued to the Commission that he never received the IDHR's notices; he provided the Commission with no basis on which to reverse the IDHR's dismissal of his charge for failure to proceed. Accordingly, the Commission did not abuse its discretion when it sustained the IDHR's dismissal of Cruz's charge for failure to proceed. See *Casey*, 2023 IL App (1st) 220671-U, ¶¶ 23-25 (Commission properly sustained IDHR's dismissal of petitioner's charge for failure to proceed, as petitioner failed to perfect her charge despite IDHR's repeated requests to do so).

¶ 18    Cruz claims the Commission failed to properly review the exhibits attached to his request for review and the "*prima facie* evidence and material facts," as well as failing to follow and review the "administrative procedure" of the Act and administrative code. But his vague, undeveloped allegations are not enough to overcome the Commission's finding that the IDHR properly acted within its discretion and dismissed the charge for failure to proceed. *Folbert v. Department of Human Rights*, 303 Ill. App. 3d 13, 25 (1999).

¶ 19    Cruz also appears to challenge the dismissal because no in-person interview and/or fact-finding conference was held. Suffice it to say, his failure to respond to IDHR's multiple attempts to contact him and his failure to failure to cooperate with the investigation were the reason the IDHR could not conduct those proceedings.

¶ 20    We affirm the Commission's final decision in all respects.

¶ 21    Affirmed.